UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 20-CR-564 (JPO) |
| CRAIG ZABALA, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

    Defendant Craig Zabala moves for post-judgment financial relief. (ECF No. 35.) The Government opposes. (ECF No. 37.) For the reasons that follow, Zabala's motion is denied except as to the termination of the lien on the West Covina property, on which the Court reserves decision and directs the Government to provide further information by October 10, 2025.

    On September 30, 2020, a Deed of Trust was placed on Zabala's property located at 5951 Bucks Bar Road in Placerville, California (the "Placerville property"), as part of his bail conditions. (ECF No. 35-4; ECF No. 35-5.) On October 22, 2020, Zabala pleaded guilty to conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371. He was subsequently sentenced to 24 months' imprisonment and, as relevant here, ordered to pay restitution in the amount of $4,380,000.00 to the victims of the offense. (ECF No. 23; ECF No. 25.) Zabala was ordered to pay restitution upon release from prison in monthly installments of 15% of his gross monthly income. (ECF No. 23 at 2.) Pursuant to 18 U.S.C. § 3613(c), the Government also recorded notices of its liens on the Placerville property and on a property at 839 East Greenville Drive, West Covina, California (the "West Covina property"). (ECF No. 35-6; ECF No. 35-7.)

    Since his release and the early termination of his term of supervised release, Zabala has been invited to be a visiting researcher at the Max Planck Institute for the Study of Societies (the

"Planck Institute") in Cologne, Germany. (ECF No. 35-1 at 15.) The position does not pay a salary and does not pay travel and accommodation costs. (*Id.*) Zabala seeks to accept the unpaid position and has filed the letter motion before this Court seeking the following post-judgment financial relief: (1) release of the Deed of Trust on the Placerville property; (2) temporary limitation on asset-based restitution enforcement; (3) temporary deferral of the accrual of interest on restitution; and (4) termination of the lien on the West Covina property. (*See generally* ECF No. 35.) The Court considers each request in turn.

In their most recent representations to the Court, Zabala and the Government indicate that the Government has consented to Zabala's request to release the Deed of Trust encumbering his Placerville property and that the parties have begun the process to do so. (ECF No. 35 at 1, 4; ECF No. 37 at 1.) Assuming that this process is completed or close to completion, a court order is unnecessary. Accordingly, Zabala's request to release the Deed of Trust on the Placerville property is denied without prejudice to renewal in the event that the Government's position has changed since the parties' most recent representation.

Zabala also requests "that the Court temporarily limit asset-based restitution enforcement to allow him to pursue a rare professional opportunity at the Max Planck Institute." (ECF No. 35 at 4.) The Court understands Zabala to seek to limit the Government's ability to collect restitution to income-based collections, thereby excluding asset-based collections via liens. In making this request, Zabala emphasizes language in the Court's restitution order setting monthly payments at 15% of gross income. (*Id.* at 6.)

Pursuant to 18 U.S.C. § 3613(c), "[a]n order of restitution constitutes a lien in favor of the United States on all property of the person fined," and "[t]hat lien arises when judgment is entered and continues for twenty years or until the liability is satisfied." *Lavin v. United States*,

299 F.3d 123, 127 (2d Cir. 2002); *see also* 18 U.S.C. § 3613(c) ("[A]n order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."). Zabala has not challenged the validity of the Court's restitution order or the lien on the Placerville property[1] and does not allege that liability is satisfied. Accordingly, the lien on Zabala's property is fully enforceable. Zabala points out that the restitution order schedules payment based on a percentage of Zabala's gross income. (ECF No. 23 at 2.) But that does not limit the Government's ability to collect restitution from assets, as 18 U.S.C. § 3613(f) provides that "all provisions of this section are available to the United States for the enforcement of an order of restitution." It is therefore misguided to ask this Court to "[c]onfirm[] restitution as limited to 15% of gross income—without asset-based collections" because restitution was never limited to a percentage of gross income. (ECF No. 35 at 6.) The Government has the authority to enforce its liens to collect restitution, and although the Court has discretion to adjust a payment schedule, *see* 18 U.S.C. § 3664(k), it declines to limit the Government's ability to enforce a valid lien to make asset-based restitution collections.

The Court also denies Zabala's request for "a temporary deferral of interest on his restitution obligation, given his current financial hardship and limited ability to pay down both principal and interest simultaneously." (ECF No. 35 at 6.) The Court did not waive or modify the automatic accrual of post-judgment interest at sentencing. *See* 18 U.S.C. § 3612(f)(1). And, although 18 U.S.C. § 3612(f)(3) vests district courts with discretion to waive or limit interest, the statute does not clearly indicate whether that authority is only available at the time of sentencing or if courts may later modify the judgment to limit accrual of interest. *See, e.g.*, *United States v.*

---

[1] Zabala's challenge to the lien on the West Covina property is discussed below.

3

*Eberhard*, No. 03-CR-562, 2012 WL 2568971, at *4 (S.D.N.Y. July 3, 2012) ("Section 3612(f)(3) appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after their entry." (quotation marks omitted)).

This Court need not reach the question of its post-sentencing modification authority. Even assuming that § 3612(f)(3) permits post-sentencing modification of interest obligations, it still requires that the court determine the defendant is unable to pay interest. 18 U.S.C. § 3612(f)(3). Zabala's request stems from his desire to take a temporary unpaid position with the Planck Institute as a visiting researcher, but the Government has up to twenty years after Zabala's release from prison to collect restitution, and Zabala's financial circumstances may well change over those twenty years. Moreover, any payments Zabala makes will be applied first to the principal debt and then to accrued interest, such that the ongoing accrual of interest does not affect Zabala's ability to pay down the principal. 18 U.S.C. § 3612(i). Accordingly, Zabala has not offered evidence "that his economic circumstances have changed from what this Court contemplated at his sentencing to justify modifying his interest obligations." *United States v. Porcello*, 768 F. Supp. 3d 379, 382 (E.D.N.Y. 2024).

Lastly, Zabala requests termination of the lien on the West Covina property. Zabala contends that the lien is impermissible because the property is owned by his brother and, although he resides there, he owns no right in the property. (ECF No. 35 at 2, 4.) The Government argues that Zabala lacks standing to litigate the lien precisely because he has expressly disclaimed any interest in the West Covina property. (ECF No. 37 at 2.) It would be unusual for the Government to have placed a lien on a property in which Zabala has no interest, and neither party provides an explanation as to why the Government would have done so. Furthermore, although Zabala provides documentation of the lien itself (ECF No. 35-7), neither

party provides documentation of the ownership of the West Covina property. Given the unusual nature of the allegations and the lack of supporting citations or documentation, the Court directs the Government to provide additional information by October 10, 2025, on the West Covina lien, including whether it has reason to believe that Zabala does have interest in the property and, if not, the justification for the lien. The Court reserves decision on Zabala's request.

Accordingly, the motion for post-judgment relief is DENIED except as to the request for termination of the lien on the West Covina property, on which the Court reserves decision.

The Government is ordered to file a letter by October 10, 2025, providing the Court with information on the West Covina lien, including whether the Government believes Zabala to have any right in the property and, if not, its basis for the lien.

SO ORDERED.

Dated: September 23, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge